```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

Office of Child Support,        :
*ex rel.* Lauren Tetta-         :
Parham,                         :
    Plaintiff,                 :
                               :
  v.                           :        File No. 1:05-CV-24
                               :
George Malico,                  :
    Defendant.                 :

## OPINION AND ORDER
(Paper 6)

Defendant George Malico, proceeding *pro se*, has filed a notice of removal from state court. (Paper 1). The Plaintiff initiated this action, with the assistance of the Vermont Office of Child Support ("OCS"), to determine which of two states' child support orders controls Malico's child support obligations. The action is brought pursuant to the Uniform Interstate Family Support Act ("UIFSA"), codified in Vermont at 15B V.S.A. § 207(c), which specifically authorizes Vermont state courts to determine which order controls "[i]f two or more child support orders have been issued for the same obligor and child . . . ."

Malico has noticed the removal to federal court, citing numerous federal statutes as support for subject

matter jurisdiction. The plaintiff has moved for remand to state court. (Paper 6). For the reasons set forth below, the plaintiff's motion for remand (Paper 6) is GRANTED, and this case is remanded to the state court.

## Factual Background

On December 26, 2003, OCS filed a Motion for Determination of Controlling Order in the Windham Family Court pursuant to UIFSA, 15B V.S.A. § 207(c).[1] The purpose of the motion was to determine which child support order, among several orders from the States of New York and Florida, controls Malico's child support obligations.[2] The plaintiff and her children reside in Florida. Malico is a Vermont resident.

On February 9, 2004, the Family Court Magistrate issued an order designating a 1994 child support order from Florida as the controlling order. On December 10,

---

[1] UIFSA is not a federal statute. It is a model statute drafted by the National Conference of Commissioners on Uniform State Laws. See Nunnery v. Florida, 102 F. Supp. 2d 772, 774 (E.D. Mich. 2000). UIFSA has been adopted by the legislatures of all fifty states as a requirement of the Welfare Reform Act of 1996. See Kansas v. United States, 214 F.3d 1196 (10th Cir. 2000).

[2] OCS reports that there are 11 such orders, six from Florida and five from New York.

2004, after his motion for reconsideration was denied, Malico filed a notice of appeal to the Windham Family Court Judge.  On December 28, 2004, the Windham Family Court Clerk allowed Malico 30 days to file a memorandum of law on appeal.  Malico filed his memorandum, and also filed a notice of removal to this Court on January 26, 2005.  OCS has now moved that the case be remanded to state court.

## Discussion

I.  Timeliness

OCS first argues that Malico did not seek removal in a timely manner.  Federal law requires that the notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for which such action or proceeding is based."  28 U.S.C. § 1446(b).  Here, the state court case was initiated in December, 2003, over a year before Malico filed his notice of removal.  It is clear that Malico received a copy of the initial pleading shortly thereafter, since he filed a response on January 8, 2004.  Consequently, his notice of removal, filed in this Court on January 26, 2005, is barred as untimely.

II. <u>Subject Matter Jurisdiction</u>

In addition to his failure to notice his removal in a timely manner, Malico has failed to state a federal question. Title 28 U.S.C. § 1441 allows for removal of an action filed in state court if that action could have been originally filed in federal court. See <u>Fax Telecommunicaciones, Inc. v. AT&T</u>, 138 F.3d 479, 486 (2d Cir. 1998). The instant case involves the adjudication of an issue according to a statute, UIFSA, that allows state courts to resolve potential conflicts among child support orders from multiple states. See 15B V.S.A. § 207(c). As stated above, UIFSA is not federal law. It is a model statute that has become a part of state law in all 50 states. See <u>Robinson v. Pabon</u>, 2002 WL 32136677, at *1 n.1 (D. Conn. Jan. 2, 2002). There is nothing in UIFSA to suggest that federal courts should take jurisdiction over matters that are the subject of the model statute. Indeed, family law is traditionally an area that has been expressly reserved for the state courts.

> The domain of family has historically been a matter for the individual states. "Family law has long been singled out by the U.S. Supreme Court as the one area into which the federal

> government may not intrude, either by legislation, regulation, or assertion of federal jurisdiction." Marriage, divorce, child custody, support, and alimony have all been managed in the state court systems.

Id. at *2 (internal citation omitted). Although Congress has passed federal laws addressing specific family law concerns, such as the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, "it was not Congress' intent to burden the federal system with family law matters." Id.

In his initial memorandum supporting the notice of removal, Malico claims that this Court has "original, concurrent, and supplementary jurisdiction over this cause of action . . . ." (Paper 1 at 3). His factual allegations claim that he has been the victim of "various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution . . . ." Id. at 5. Much of the harm alleged by Malico has come at the hands of the Vermont Family Court, which allegedly denied him a jury trial. Id. at 5-6. Malico also claims, *inter alia*, that state court child support awards have violated his equal protection rights, that he is the victim of discrimination based upon sex or gender, and that this

5

case raises question of contracts, conspiracy, and separation of powers.  Id. at 7, 9 and 10.

Despite Malico's varied contentions, the action initiated by the plaintiff in state court presented the single question of what state court support order is controlling.  The plaintiff notes that OCS has "not file[d] an enforcement action against the Defendant, nor has it requested the Family Court to adjudicate arrears."  Because the issue in question in this case is a narrow one, Malico's claims of broad harm arising out of his child support obligations and family law generally are misplaced.  With respect to the jury trial issue, absent an underlying federal question the right to a jury trial is a question of state law, and is not protected by the U.S. Constitution.  See GTFM, LLC v. TKN Sales, Inc., 257 F.3d 235, 244 (2d. Cir. 2001) (Seventh Amendment right to jury trial does not apply to states).  The claim in this case is firmly grounded in UIFSA and its specific provision authorizing the state court to determine which support order is controlling.  See 15B V.S.A. § 207(c).  Accordingly, the motion to remand is GRANTED.

## Conclusion

For the reasons set forth above, the plaintiff's motion to remand (Paper 6) is GRANTED, and this case is REMANDED to state court pursuant to 28 U.S.C. § 1446(c)(4).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of May, 2005.

/s/ J. Garvan Murtha
 J. Garvan Murtha
 United States District Judge